LaVonne BLACKWELL, Appellant,

v.

Stephan S. ECKMAN, Respondent.

No. C7-87-729.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Edward Q. Cassidy, Mansur, O'Leary & Gabriel, St. Paul, for appellant.

Kevin P. Keenan, Bassford, Heckt, Lockhart & Mullin, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NORTON and MULALLY*, JJ.

* Acting as judge of the court of appeals by ap-

## OPINION

POPOVICH, Chief Judge.

This appeal is from a summary judgment dismissing a legal malpractice claim. Appellant claims the trial court erred because at the time of summary judgment a genuine issue of material fact existed regarding respondent attorney's negligence in discovering possible insurance coverage of the opposing party in the underlying claim. We affirm.

## FACTS

On September 7, 1980, appellant LaVonne Blackwell's son was riding with Cathleen McCarthy in her 1973 Chrysler when she ran a stop sign at excessive speed and collided with a semi-truck. Both McCarthy and appellant's son were killed.

Appellant retained respondent attorney Stephan S. Eckman to represent her in any claim she might have resulting from her son's death. Respondent's investigation revealed McCarthy alone was responsible for the accident and her vehicle was uninsured at the time of the accident. Appellant then settled under one of her own uninsured coverages with State Farm Insurance Co. for $25,000.

Appellant subsequently commenced the underlying legal malpractice action against respondent claiming respondent was negligent in failing to fully investigate McCarthy's insurance coverage. Appellant claimed McCarthy was insured at the time of the accident based on conversations with McCarthy's mother.

Respondent moved for summary judgment. Attached to his motion, respondent submitted an affidavit from McCarthy's father indicating his daughter was the owner of the 1973 Chrysler and no insurance covered the vehicle at the time of the accident because the policy lapsed for nonpayment of the premium. Respondent also submitted an affidavit from the Mid-Continent insurance agent handling McCarthy's policy who said her policy had lapsed for nonpayment of premiums and to the best of his knowledge no replacement policy had been

pointment pursuant to Minn. Const. art. 6, § 2.

obtained or applied for before McCarthy's death.

The court specifically concluded there was no genuine issue of material fact that McCarthy was uninsured at the time of the accident and granted summary judgment on the claim respondent was negligent in failing to recover from McCarthy. The order granting summary judgment was filed January 7, 1987 and summary judgment was entered accordingly on January 21, 1987.

In February, appellant moved to vacate the judgment. Appellant claimed possible coverage existed on McCarthy's vehicle when the accident occurred, and thus presented a significant fact which would allow the case to go to the jury. At a hearing on the motion, the court allowed counsel 30 days for further submissions on the issue. A letter from a Sentry claims adjuster was received, informing appellant's attorney that McCarthy obtained coverage from Dairyland Insurance Co. on April 4, 1980, but that policy lapsed June 4, 1980 for nonpayment. Respondent's attorney also submitted a letter to the trial court informing the court he called the Sentry claims adjuster to verify McCarthy's policy limit of $25,000 in effect until June 4, 1980.

The trial court recognized there may have been a material fact issue as to whether McCarthy's coverage was in effect at the time of the accident, but nevertheless denied appellant's motion to vacate judgment. The court reasoned since appellant received $25,000 from her own insurer rather than recovering the same from McCarthy's insurer had she been insured, appellant failed to show she incurred any damages from respondent's representation.

Appeal is made from the order granting summary judgment and summary judgment.

## ISSUE

Did the trial court err in granting summary judgment?

## ANALYSIS

1. In order to grant summary judgment, the trial court must find "that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03. The rules further require:

Supporting and opposing *affidavits shall be made on personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. \* \* \* When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Minn.R.Civ.P. 56.05 (emphasis added).

Appellant argues she sufficiently raised the fact issue regarding McCarthy's insurance because she testified in her deposition that McCarthy's mother told her McCarthy's vehicle was insured. Appellant concedes her testimony is hearsay, but nevertheless argues her testimony should be allowed to defeat summary judgment in this case.

It is well settled hearsay is inadmissible evidence and must be disregarded on a motion for summary judgment. *Murphy v. Country House, Inc.*, 307 Minn. 344, 349, 240 N.W.2d 507, 511 (1976). The trial court therefore properly disregarded appellant's hearsay evidence at the time the summary judgment motion was heard. Relying instead on respondent's admissible affidavits indicating McCarthy's vehicle was not insured at the time of the accident, the court properly concluded no material fact issue existed regarding McCarthy's insurance and granted summary judgment.

## DECISION

The trial court properly disregarded hearsay evidence in determining no materi-

al fact issue existed and granted summary judgment.

Affirmed.